UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR BRUCE,<br><br>Defendant. | Case No. 2:13-cr-441-APG-CWH<br><br>**ORDER GRANTING IN PART MOTION FOR PERMISSION TO PRACTICE MEDICINE**<br><br>(ECF No. 33) |

After Victor Bruce pleaded guilty to Conspiracy to Distribute Oxycodone, I sentenced him to 46 months in prison, to be followed by three years of supervised release. ECF No. 28. As a condition of supervised release, I restricted Dr. Bruce "from engaging in employment, consulting, or any association with any medical practice or employment as a physician for a period of three (3) years without the prior approval of the probation officer." *Id.* at 4, Special Condition #3. I also ordered him not to "purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician." *Id.* at 3, Standard Condition #7. Separately, Dr. Bruce's medical license was revoked under a Settlement Agreement with the State of Nevada Board of Medical Examiners (BOMEX). ECF No. 29-2.

Dr. Bruce's term of supervised release commenced in May of 2018. He now seeks permission to resume practicing medicine. ECF No. 33. The Government opposes that request.

I previously granted Dr. Bruce's request to travel to California to take an ethics course that would prepare him to resume practicing medicine. ECF No. 32. In that order, I expressed my concern about Dr. Bruce's ability to prescribe controlled substances. But I noted that I would

"defer to the appropriate licensing authorities—who have more insight into the relevant issues—for that determination, and for any oversight they feel is needed." *Id.*

In September 2018, the BOMEX granted Dr. Bruce a medical license with the following conditions:

1. You must complete a 1 year preceptorship with Bernard Addo-Quaye, M.D.
2. You are restricted from prescribing controlled substances for a minimum of twenty four (24) months or until your probation period lapses whichever is greater.
3. You are restricted from prescribing controlled substances without prior approval of the Board.

ECF No. 33-3. It is unclear what "probation period" condition 2 is referring to. If it refers to the supervised release I ordered in this case, that will terminate in May of 2021. *See* ECF No. 37 at 3. If it refers to some administrative probationary period imposed by the BOMEX or another authority, I do not know when that period "lapses."

When I imposed the 3-year restriction against Dr. Bruce's ability to "possess, use, distribute, or administer any controlled substance," I felt that was an appropriate way to protect the public and deter Dr. Bruce from again breaking the law. I still feel that way. Regardless of the time restriction imposed by the BOMEX, Standard Condition #7 that I imposed will remain in force until Dr. Bruce's supervised release in this case ends.

I am willing to allow Dr. Bruce to resume practicing medicine subject to the restrictions imposed by the BOMEX and the conditions of supervised release I imposed. Those restrictions and conditions should protect the public and serve as an adequate deterrence to Dr. Bruce and others. Thus, I hereby waive Special Condition #3 that prohibited him from practicing medicine.

Dr. Bruce's motion to resume practicing medicine **(ECF No. 33) is granted in part as set forth above.**

DATED this day of **August 2, 2019.**

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE